IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Iris R.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

No. 3:21-cv-00155-HZ

OPINION & ORDER

James S. Coon
Scott A. Sell
Thomas, Coon, Newton & Frost
820 SW 2nd Avenue, Suite 200
Portland, OR 97204

    Attorneys for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

1 – OPINION & ORDER

David J. Burdett
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Iris R. brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") and supplemental security income ("SSI"). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the Commissioner's decision and remands this case for further administrative proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for DIB and SSI on September 27, 2017, alleging a disability onset date of May 8, 2015. Tr. 16.[2] Plaintiff's date last insured ("DLI") is December 31, 2020. Tr. 16. Her application was denied initially and on reconsideration. Tr. 96-104, 112-117.

On April 15, 2020, Plaintiff appeared with counsel for a telephone hearing before an Administrative Law Judge ("ALJ"). Tr. 29-55. On June 20, 2020, the ALJ found Plaintiff not disabled. Tr. 24. The Appeals Council denied review. Tr. 1.

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 13.

**FACTUAL BACKGROUND**

Plaintiff alleges disability based on bipolar disorder, severe depression, post-traumatic stress disorder, anxiety, and fibromyalgia. Tr. 243. At the time of her alleged onset date, she was 35 years old. Tr. 252. She has at least a high school education and no past relevant work. Tr. 22.

**SEQUENTIAL DISABILITY EVALUATION**

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

3 – OPINION & ORDER

In step four, the Commissioner determines whether the claimant, despite any impairments, has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date. Tr. 17. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "severe pancreatitis status post splenectomy, depressive disorder, and anxiety." Tr. 17. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 18. At step four, the ALJ concluded that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following limitations:

> [T]he claimant can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. The claimant should not have concentrated exposure to extreme temperatures, vibration, and hazards. She is limited to simple, routine work in a workplace with no more than occasional workplace changes. She can have occasional contact with the public.

Tr. 19. Plaintiff has no past relevant work, but at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as electronic bench worker (DOT 726.687-010, light, SVP 2), packager (DOT 559.687-074, light, SVP 2), and

4 – OPINION & ORDER

mail clerk (DOT 209.687-026, light, SVP 2). Tr. 23. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 24.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

## DISCUSSION

Plaintiff contends that the ALJ erred by rejecting the medical opinion of her primary care physician, Dr. Teresa Bair. Dr. Bair provided an opinion regarding the effect of Plaintiff's chronic pancreatitis on her ability to work full-time. Dr. Bair answered a questionnaire prepared by Plaintiff's attorney in which she responded "yes" to the following question: "In your medical opinion, due to pain and other symptoms would [Plaintiff] miss more than one day of work per

month on average if working fulltime job?" Tr. 1621. The ALJ found Dr. Bair's opinion to not be persuasive. The ALJ explained:

> [I]n her assessment Dr. Bair states unequivocally that she is not a gastroenterologist and therefore "I cannot accurately speak to her prognosis." She further states that "using pain scales alone is not an accurate or specific way [of] diagnosing acute or chronic pancreatitis." Dr. Bair does not offer additional citation to treatment records, and what records are available show a decrease in acute episodes and pain since 2018.

Tr. 22. Plaintiff argues that the ALJ's stated reasoning does not constitute substantial evidence that justifies rejecting Dr. Bair's opinion. The Court agrees.

Because Plaintiff filed her claim after March 27, 2017, new regulations about weighing medical opinion evidence apply. Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. Under the new regulations, ALJs are no longer required to give deference to any medical opinion, including treating source opinions. *Id.* Instead, the agency considers several factors. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). These are: supportability, consistency, relationship to the claimant, specialization, and "other factors." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The "most important" factors in the evaluation process are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Under this framework, the ALJ is required to explain how supportability and consistency were considered and may explain how the other factors were considered. 20 C.F.R §§ 404.1520c(b)(2), 416.920c(b)(2). When two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ must explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Although the new regulations remove the hierarchy of medical sources, they do not relieve the ALJ of the obligation to consider the opinions from each medical source. *Roxanne B. v. Comm'r, Soc. Sec. Admin.*, 3:20-cv-01775-HZ, 2022 WL 203416, at *3 (D. Or. Jan 22, 2022). An ALJ still "must consider the medical record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter*, 504 F.3d at 1035). The ALJ must, at minimum, provide a substantive basis for their conclusion. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("Although [the court] will not fault the agency merely for explaining its decision with less than ideal clarity, we still demand that the agency set forth the reasoning for its decision in a way that allows for meaningful review.") (internal quotations and citation omitted).

Without explicitly addressing the supportability and consistency factors, the ALJ provided four reasons for rejecting Dr. Bair's opinion. First, the ALJ referenced Dr. Bair's own statement that she is not a gastroenterologist, and therefore cannot provide an accurate prognosis for Plaintiff's pancreatitis. A medical provider's specialization may be a relevant factor. *See* 20 C.F.R §§ 404.1520c(c)(4), 416.920c(c)(4) ("The medical opinion or prior administrative finding of a medical source who has received advanced education and training to become a specialist may be more persuasive about medical issues related to his or her area of specialty than the medical opinion or prior administrative medical finding of a medical source who is not a specialist in the relevant area of specialty."). But a medical provider's specialization is less important than whether their opinion is supported by the record. 20 C.F.R §§ 404.1520c(b)(2), 416.920c(b)(2). If her opinion is supported by the objective medical evidence, Dr. Bair's lack of specialization alone is not enough to discredit her opinion about Plaintiff's limitations.

7 – OPINION & ORDER

To the extent that the ALJ discredited Dr. Bair's opinion because she "cannot accurately speak to [Plaintiff's] prognosis," the ALJ erred. Tr. 22. Dr. Bair provided an opinion regarding Plaintiff's disability at the time. In her December 2019 opinion, Dr. Bair stated that Plaintiff's pain had increased over the previous three months, which was why she planned to undergo a surgery to remove part of her pancreas. Tr. 1621. The fact that Dr. Bair felt she could not accurately predict how Plaintiff would recover in the future does not undermine her opinion that Plaintiff would miss more than one day per month of fulltime work based on her disabling symptoms at that time.

Second, the ALJ mentioned Dr. Bair's statement that "using pain scales alone is not an accurate or specific way of diagnosing acute or chronic pancreatitis." Tr. 22, 1621. Dr. Bair made this statement is response to a question posed to her of whether Plaintiff's baseline 5/10 pain "is an example of chronic pancreatitis." Tr. 1621. However, the ALJ had already concluded that Plaintiff had "severe pancreatitis." Tr. 17. As Defendant notes, "[n]obody disputes that the diagnosis of pancreatitis is correct." Def. Brief 6, ECF 21. Thus, the Court is unclear as to the significance of this statement to the ALJ's reasoning. In any case, the Court does not find that this statement by Dr. Bair constitutes substantial evidence that would justify rejecting her opinion regarding Plaintiff's limitations.

Third, by stating that "Dr. Bair does not offer additional citation to treatment records," the ALJ appears to conclude that Dr. Bair's opinion is not supported by the record. Tr. 22. But so long as a medical provider's opinion is supported by the record as a whole, the provider need not provide specific citations to the record. Rather, it is the ALJ who must identify specific objective evidence in the record that contradicts the medical provider's opinion. *See Holohan v. Massanari,* 246 F.3d 1195, 1208 (9th Cir. 2001) ("[T]he ALJ must specifically identify the

8 – OPINION & ORDER

testimony she or he finds not to be credible and must *explain* what evidence undermines that testimony").

An ALJ must support their conclusion by "setting out detailed and thorough summary of the facts and conflicting evidence, stating [their] interpretation thereof, and making findings." Garrison, 759 F.3d at 1012. "The ALJ must do more than offer [their] conclusions . . . [they] must set forth [their] own interpretations and explain why they, rather than the doctors, are correct." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998). Here, to support their conclusion, the ALJ cited to two sections of the record, comprising more than 300 pages. But the ALJ did not specifically identify what findings in the record contradict Dr. Bair's opinion that Plaintiff's pain had increased and that Plaintiff would likely miss work more than one day per month due to her symptoms.

Fourth, and most importantly, the ALJ's statement that "what records are available show a decreased in acute episodes and pain since 2018" is erroneous.[3] In finding that Plaintiff had decreasing pain, the ALJ ignored the July 2019 clinic note of a digestive health specialist, which states:

> Her pain is daily and wax and wanes during the day. Here pain is epigastric and radiates to the back. Her baseline pain is 6/10 and deteriorates to 8/10. Eating makes it worse. She is only able to tolerate small portions of cereal with milk, fish and chicken. She has not been able to function due to the presence of pain.

Tr. 1566. At that time, the physician also noted that Plaintiff's pain had initially improved after a March 2018 celiac block procedure, but "[the block] is now wearing off." Tr. 1566, 1569. A CT scan in July 2018 showed calcifications in the tail of the pancreas, which the physician

---

[3] The ALJ's statement contradicts Dr. Bair's opinion that Plaintiff's chronic abdominal pain had increased since 2018. In December 2019, Dr. Bair stated that Plaintiff's "pain had been 5/10 for most of the past two years" but had "increased over the past ~ 3 months to a baseline of 7-9/10," which "is part of why she will be having surgery again soon." Tr. 1621.

9 – OPINION & ORDER

thought could explain Plaintiff's ongoing chronic pain. Tr. 1573. The physician recommended considering another surgery to remove part of her pancreas. Tr. 1569. Thus, in concluding that Plaintiff's pain had decreased since 2018, the ALJ misinterpreted the record.

Accordingly, the ALJ's decision to reject Dr. Bair's opinion that Plaintiff's pain would likely miss more than one day of fulltime work per month was not supported by substantial evidence. Plaintiff's potential absence more than one day per month could impact her ability to perform the jobs identified by the vocational expert at step five. The Court therefore remands this matter for further for further proceedings.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for administrative proceedings.

IT IS SO ORDERED.

DATED: ___March 27, 2022___ .

                                                                                                    _____
MARCO A. HERNÁNDEZ
United States District Judge